UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRIAN PEMBERTON | * | CIVIL ACTION NO. 22-3381 |
| | * | |
| VERSUS | * | SECTION |
| | * | |
| 3 RUSTY NAILS, INC. AND | * | JUDGE |
| RONALD HOEHNE | * | |
| | * | MAGISTRATE |
| | * | |

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes **BRIAN PEMBERTON**, (hereinafter "**PLAINTIFF**") a person of the full age of majority residing in the State of Louisiana who hereby with respect represents the following:

1.

Made Defendants herein are:

(a) **3 RUSTY NAILS, INC.** (hereinafter "**3 RUSTY NAILS**") a foreign company, authorized to do and doing business in the State of Louisiana. **3 RUSTY NAILS** is, and at all relevant times, was a trucking, shipping and storage company that owns and/or leases commercial motor vehicles and in connection with that business operates as a Motor Carrier under U.S. Department of Transportation # 1507845.

(b) **RONALD HOEHNE**, a person of the full age of majority and domiciled in and a resident of Murfreesboro, Tennessee. **RONALD HOEHNE** is, and at all relevant times, was a "driver" of "commercial motor vehicles" as those terms are used and defined in the United States Department of Transportation Federal Motor Carrier Safety Regulations and is therefore subject to such rules and regulations as promulgated and codified within 49 C.F.R. Parts 382, *et seq*.

## JURISDICTION

2.

This Honorable Court has jurisdiction based on diversity of citizenship and the amount in controversy exceeding $75,000.00, exclusive of costs and interest.  (28 U.S.C.A § 1332).

## VENUE

3.

Venue is proper in this district as all of the events giving rise to the claim occurred in this district.  (28 U.S.C. § 1391 (b)(2)).

4.

Defendants are jointly, severally, and *in solido* liable unto Plaintiff for the damages complained of herein for the following reasons, to wit:

## STATEMENT OF FACTS

5.

On September 21, 2021, Plaintiff was operating a Hyster hydraulic forklift, while loading a basket of raw rubber into the back of a tractor trailer in the docking area of the Port of New Orleans, located at 5800 Terminal, New Orleans, Louisiana 70130.

6.

Upon information and belief, the aforementioned tractor trailer was owned by Defendant, **3 RUSTY NAILS**, and operated by Defendant, **RONALD HOEHNE,** at the time Plaintiff was loading it with raw rubber.

7.

Suddenly, unexpectedly, and without warning, **RONALD HOEHNE** pulled the subject tractor trailer away from the docking area, causing the forklift being operated by Plaintiff to fall from the rear of the trailer approximately six (6) feet to the ground.

8.

As a result of the above-described incident, Plaintiff suffered injuries.

9.

Plaintiff avers that the above-described incident and resulting injuries and damages suffered by him are solely and proximately caused by the negligence of Defendants.

## COUNT 1

## NEGLIGENCE OF RONALD HOEHNE

10.

**RONALD HOEHNE**, in operating the subject tractor trailer in Louisiana, owes others, including Plaintiff, the highest degree of care.

11.

**RONALD HOEHNE** was negligent in the incident sued upon herein and acted in violation of multiple established industry standards, company policies, Federal Motor Carrier Safety Regulations and standards of ordinary care, his non-exclusive acts and/or omissions, include but are not limited to the following:

(a) **RONALD HOEHNE** failed to take all precautions to avoid this incident;

(b) **RONALD HOEHNE** failed to see what he should have seen;

(c) **RONALD HOEHNE** failed to keep proper lookout before moving the tractor trailer;

(d) **RONALD HOEHNE** operated the tractor trailer in a careless manner;

(e) **RONALD HOEHNE** failed to adhere to routine safety precautions; and

(f) **RONALD HOEHNE** failed to take appropriate action to avoid or mitigate the above-described incident, when in the exercise of due care, he should have had ample time and opportunity to do so.

Each act or omission, acting separately or in combination, was a proximate cause of the above described incident and the resulting injuries to Plaintiff.

## COUNT 2

## VICARIOUS LIABILITY OF 3 RUSTY NAILS

12.

At all relevant times, **RONALD HOEHNE** was acting within the course and scope of his employment, agency, service, with the authority of and under the direction of **3 RUSTY NAILS**. In the alternative, if such is necessary, **3 RUSTY NAILS**, through management has authorized and/or ratified the described conduct of **RONALD HOEHNE**.  As a result of the foregoing, **3 RUSTY NAILS** is vicariously liable for the damages proximately caused by the conduct of **RONALD HOEHNE** under the principles of La. C.C. Art. 2320.

## COUNT 3

## NEGLIGENCE OF 3 RUSTY NAILS

13.

**3 RUSTY NAILS** owed others, including Plaintiff, various duties including but not limited to a duty to properly hire and retain drivers for commercial motor vehicles like the one at issue in the case at bar; a duty to entrust its commercial motor vehicles to competent drivers; and a duty to properly supervise, train and dispatch its drivers.

14.

**3 RUSTY NAILS** was negligent in the incident sued upon herein and acted in violation of multiple established industry standards, company policies, Federal Motor Carrier Safety Regulations and standards of ordinary care, its non-exclusive acts and/or omissions, include but are not limited to the following:

(a) **3 RUSTY NAILS** hired and retained **RONALD HOEHNE** when it knew or should have known at the time of his hiring or anytime subsequent thereto, but before the subject incident, of **RONALD HOEHNE's** dangerous proclivities;

(b) **3 RUSTY NAILS** entrusted the tractor trailer at issue to **RONALD HOEHNE** when **3 RUSTY NAILS** knew or should have known that **RONALD HOEHNE** was an incompetent driver;

(c) **3 RUSTY NAILS** failed to train, supervise, monitor and control **RONALD HOEHNE**;

(d) **3 RUSTY NAILS** failed to have policies and/or procedures in place to prevent its drivers, including **RONALD HOEHNE** from operating its tractor trailers in a negligent and/or reckless manner;

(e) **3 RUSTY NAILS** permitted, allowed and/or caused **RONALD HOEHNE** to operate and drive the tractor trailer when his ability or alertness was impaired so as to make it unsafe for him to operate the tractor trailer;

(f) **3 RUSTY NAILS** through its practice of requiring its employees to move freight to its destination under unreasonably strict time schedules, allowed and encouraged, rather than discouraged, **RONALD HOEHNE** to operate the tractor trailer in a negligent and reckless manner;

(g) **3 RUSTY NAILS** failed to inspect and ensure that the tractor trailer **RONALD HOEHNE** was operating was properly maintained, repaired and serviced and was therefore capable of being operated in a safe and prudent manner;

(h) **3 RUSTY NAILS** failed to detect material omissions, gaps and inaccuracies in the employment application and employment history submitted by **RONALD HOEHNE**;

(i) **3 RUSTY NAILS** failed to train **RONALD HOEHNE** in the proper operation, inspection, maintenance, record-keeping and check-in necessary for the safe operation of the tractor trailer;

(j) **3 RUSTY NAILS** failed to prevent **RONALD HOEHNE** from preparing and filing inaccurate and non-current records of hours of service (logs);

(k) **3 RUSTY NAILS** failed to verify if **RONALD HOEHNE** prepared and filed accurate records of hours of service (logs); and

(l) **3 RUSTY NAILS** failed to require **RONALD HOEHNE** to advise the dispatcher of his current duty status so as to prevent him from being dispatched when, due to likely fatigue, it was unsafe to do so.

## **DAMAGES**

15.

Defendants herein are jointly and/or concurrently negligent and at fault, causing personal injuries to Plaintiff, and Defendants are liable jointly, severally and/or *in solido* to the full extent permitted by law, and/or are each liable to the full extent of each such Defendants' own negligence and/or fault.

16.

That as a result of the above-described incident, Plaintiff sustained injuries to the mind and body, for which he was forced to seek medical treatment.

17.

That as a direct and proximate result of the negligence and/or fault of Defendants, Plaintiff seeks damages for the following:

a) Past, present and future medical expenses;

b) Past, present and future physical pain and suffering and loss of function;

c) Past, present and future mental anguish and emotional distress;

d) Lost wages and diminished earning capacity;

e) Loss of enjoyment of life;

f) Special care and services and;

g) Other such damages as will be shown through discovery and/or at trial of this matter.

18.

Plaintiff prays for all reasonable damages as a result of the negligent conduct of Defendants.

## DEMAND and PRAYER

19.

Plaintiff hereby demands trial by jury.

20.

**WHEREFORE**, Plaintiff prays that Defendants appear and answer this Complaint and after all legal delays and due proceedings are had herein, that there be judgment in favor of Plaintiff, **BRIAN PEMBERTON**, and against Defendants, **3 RUSTY NAILS**, **INC.** and

**RONALD HOEHNE**, jointly, severally and *in solido*, in a full and true sum calculated to compensate Plaintiff for the damages complained of herein, along with legal interest thereon from the date of judicial demand until paid, for all costs of these proceedings, and for all general and equitable relief.

Respectfully Submitted,

/s/*Thomas W. Shlosman*
Thomas W. Shlosman (LA Bar No. 34086)
Shlosman Law Firm
4907 Magazine Street
New Orleans, LA 70115
(504) 826-9427 Phone
(504) 324-0431 Fax
tom@shlosmanlaw.com